**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | ) | CASE NO.: 4:01CV441 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| ERIK S. BOWKER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant's Motion for the Appointment of Counsel. Upon review of the Motion, the Court finds it to be civil in nature. Defendant is requesting to receive counsel so that he may file a motion to receive psychiatric counseling. This is not an appeal, a 2255 motion, or a civil rights case.

In *Knop v. Johnson,* 977 F.2d 996, 1009 (6th Cir.1992), *cert. denied sub nom*, the Sixth Circuit concluded that mandated legal assistance should be confined to habeas corpus proceedings and "civil rights actions involving constitutional claims." Defendant does not allege that he suffers from a serious mental illness. Additionally, Defendant does not request to receive psychiatric care but to be moved to the federal detention center in Rochester, Minnesota.

Prisoners have no constitutional right to appointed counsel for civil matters. *See Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996). Rather, within its discretion, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(E)(1). However, such a request is justified only in cases of "exceptional circumstances." *Lavado v. Keohane,* 922 F.2d 601, 604-05 (6th Cir. 1993); *Reneeer v.*

*Sewell,* 975 F.2d 258, 261 (6th Cir. 1992). In making its determination, the Court should analyze the prisoner's efforts to obtain counsel, the status of his financial resources, and the merits of his claim. *Henry v. City of Detroit Manpower Dept., et al.,* 763 F.2d 757, 760 (6th Cir. 1985). The Court should also review the complexity of the case's factual and legal issues and the prisoner's ability to present them. *See Edwards v. Simpson,* 833 F.2d 1012, 1987 U.S. App. LEXIS 15279, *7-8 (6th Cir. 1987).

After reviewing the proper criteria on this motion, the Court finds that the factors do not weigh in favor of appointing counsel. Defendant is presently incarcerated and indigent, however, he has not specifically detailed his efforts to obtain counsel. Further, Defendant has been very articulate in his motion. This is not a case of exceptional circumstance. *See Lavado,* 992 F.2d at 605. Accordingly, the undersigned DENIES Defendant's Motion for the Appointment of Counsel.

So ordered.

_____*s/ Judge John R. Adams*_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT