UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 4:01CR441 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| ERIC S. BOWKER | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | (Resolves Doc. 368) |

This matter appears before the Court on a motion to quash filed by the Government. In its motion, the Government seeks to quash two subpoenas filed by Defendant and served upon the United States Probation and Pretrial Services Records Custodian. Defendant has responded in opposition to the motion. The Government's motion is GRANTED.

The first subpoena at issue, Doc. 368-2, was served on May 13, 2011, and it seeks the following:

> [A]ny and all records relating to all criminal defendants placed on electronic monitoring (EM) as part of their supervised release in the Northern District of Ohio since 2002. This should include the dates in which they were placed on the EM, the length of time of monitoring, and the date of termination.

The second subpoena at issue, Doc. 368-3, was also served on May 13, 2011, and it seeks the following:

> [A]ny and all records relating to the electronic monitoring of Erik Bowker while he has been on supervised release. This is meant to include, but not limited to, the dates, times, and locations, or any alarm signals relating to his electronic monitoring bracelet in 2010 and 2011.

The Court finds neither subpoena to be proper.

In its motion, the Government raises numerous alleged deficiencies in the subpoenas.

First, the Government contends that Defendant failed to comply with the regulations set forth in *Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings*, regulations adopted by the Judicial Conference in 2003.  In his response, Defendant concedes that his request did not comply with the subpoena regulations noted above.  Defendant seeks to remedy this shortcoming by supplementing his subpoenas within his opposition to the motion to quash.

Initially, the Court notes that it has found no authority that would allow for the suggested "cure" offered by Defendant.  Furthermore, the cure offered by Defendant is problematic in numerous aspects.  In that portion of Defendant's opposition, Defendant asserts that he needs his own records, at least in part, to defend against his alleged violation of supervised release.  However, at the time the subpoena was served, there was no pending allegation of a release violation.  As such, the statement offered by Defendant now could not possibly have been offered when the subpoena was served.

The Government also properly notes in its reply brief that Defendant's suggested cure does not fulfill the requirements of the subpoena regulations.  Defendant's statement is not in the form of an affidavit, nor does it provide the 15 days of notice required by the regulations.  Accordingly, it is unlikely that even to date that Defendant has complied with the subpoena regulations.

Assuming arguendo that the Court can overlook Defendant's failure to comply with the regulations, the subpoenas must be quashed for reasons separate and apart from that deficiency. First, the nature of the records must be taken into account.

> United States probation files are confidential court records compiled in the course of fulfilling court-ordered responsibilities; a probation officer must be authorized by the court to release information from the presentence investigation report or probation files to third parties. A federal court may allow the disclosure of confidential probation reports only when the movant has shown a compelling need.

*See United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1175 (2d Cir. 1983). *United States v. Harrison*, 2003 WL 21027286 (E.D.Pa. May 7, 2003). At the same time, the Court is mindful of the Government's obligation under Fed. R. Crim. P. 16(E).

In his opposition, Defendant appears to contend that the request for his own records is material to his defense of the alleged supervised release violation. In support, Defendant offers: "During his tenure with the monitor, Mr. Bowker has been plagued by the monitor's constant false alarms, malfunctions, and noises at inopportune times and places. Mr. Bowker contends that records of the electronic monitor will provide insight to the district court as to the frequency in which the electronic monitor malfunctions." Doc. 370 at 4. The Court finds no merit in this argument.

It is the Court's understanding that the probation officer used electronic monitoring records to verify that Defendant's location matched up with the location that certain computer activities took place. Defendant has offered no evidence to suggest that he has ever experienced his electronic monitoring improperly record his location. Criminal defendants may not embark on a "broad or blind fishing expedition among documents possessed by the Government[.]" *Jencks v. United States*, 353 U.S. 657, 667 (1957)(quoting *Gordon v. United States*, 344 U.S. 414, 419, (1953)). Accordingly, the Court is not willing to allow Defendant access to those records without some information establishing their relevance. Moreover, Defendant will have ample opportunity to examine the probation officer and inquire about the alleged deficiencies with electronic monitoring. If following that inquiry the Court becomes convinced that the records are somehow relevant, this issue may be revisited. However, at this time, the subpoena requesting Defendant's own electronic monitoring records is QUASHED.

Defendant's subpoena for the records of other defendants is substantially more

problematic. Fed. R. Crim. P. 17(c)(2) allows this Court to quash a subpoena if "compliance would be unreasonable or oppressive."  Defendant's request for "any and all" records related to defendants placed on electronic monitoring since 2002 quite easily falls into the category of unreasonable and oppressive.

Defendant attempts to avoid this result by arguing in his opposition that he sought very limited information in the subpoena:  "Mr. Bowker does not want the names, case numbers, presentence reports, or any other information of other offenders on electronic monitoring.  Mr. Bowker only wants a list of the lengths of duration of the monitoring of other offenders."  Doc. 370 at 5.  This statement flies in the face of the language employed in the subpoena.  The subpoena did not limit, in any manner, the information sought about other defendants.  Instead, it directed the probation office to procure "any and all" records related to defendants placed on electronic monitoring.  Accordingly, as it was drafted, compliance with the subpoena would have been oppressive and unreasonable.

Accepting the newly created limitations suggested by Defendant, the Court still finds that compliance with the subpoena would be unreasonable and oppressive.  Defendant seeks information that requires a review of the probation file of every defendant supervised by the probation department since 2002.  First and foremost, Defendant ignores that any such review would involve thousands of files.  From the Court's understanding, the probation office has placed roughly 2,000 offenders on location monitoring alone since 2002.  While a report could generate these total numbers, there does not appear to be any mechanism for providing the information requested by Defendant without some form of manual review of these files.  Given that Defendant has failed to demonstrate any right to discovery whatsoever in the context of a motion to modify his conditions, the Court will not order the labor-intensive review of these files.

Beyond the sheer number of files, Defendant once again ignores that each and every one of these files is confidential. In another effort to avoid this clear problem, Defendant asserts that any personal identifiers may be redacted from the requested information. Accordingly, Defendant not only seeks to have the probation office review thousands of files, but he also seeks to have them redact each and every file that is responsive to his request.

Furthermore, as noted above, Defendant has supplied no authority to suggest that he is entitled to *any* discovery during the time period that he is on supervised release, let alone the expansive discovery he seeks through subpoena. As the Government properly notes, the Sixth Circuit has previously upheld a district court's denial of a defendant's request for his entire probation file under the guise that it could contain mitigating information. *See United States v. Johnson*, 356 Fed. Appx. 785 (6th Cir. 2009). "Johnson's broad rule, as proposed, would turn a hearing-based right to present mitigating evidence into an unrestricted right of pre-hearing discovery. Defendants in criminal trials are not even entitled under the Federal Rules of Criminal Procedure to the extent of pre-trial discovery that Johnson seeks from the USPO." *Id.* at 789. The rationale for quashing the request herein is even stronger as Defendant has not identified even an arguable basis for the disclosure, unlike Johnson's assertion that Fed.R. Crim. P. 32.1(b)(2)(E) supported his claim.

The Court also takes note that Defendant's electronic monitoring was extended by the Court on October 21, 2010 for a period of six months. Doc. 355. The duration was again extended on December 6, 2010. Doc. 361. Defendant then sought to modify the conditions of his supervised release on April 28, 2011. Thus, Defendant's assertion that his subpoena was designed to aid in his motion is somewhat questionable. Defendant has been on electronic monitoring since his initial release from prison, dating back to an order from this Court on March

13, 2009. The Court is mindful that much has changed since that initial order, but the Court has consistently kept Defendant on electronic monitoring throughout his supervised release. Thus, the Court questions the motivation behind seeking the records of other offenders for the first time more than two years after Defendant was initially placed on electronic monitoring, more than five months after the Court last extended that monitoring, and only after a motion to modify conditions was fully briefed by Defendant.

In summary, there are multiple grounds for quashing the subpoenas filed by Defendant. As noted above, 1) they were not filed in compliance with subpoena regulations, 2) Defendant's attempted cure has still not brought the subpoenas into compliance, 3) the records sought are confidential court records, 4) Defendant has identified no authority that would permit the type of discovery he seeks, and 5) compliance with Defendant's request would be unreasonable and oppressive.

As the Court has identified no less than five reasons to quash the subpoenas at issue, Defendant's counsel is hereby ordered to SHOW CAUSE why sanctions should not issue from this Court for abuse of the subpoena process. Within 14 days of this order, Defendant's counsel shall brief why sanctions should not issue. Defendant's brief should address all five grounds identified in this Court's order, including the authority under which the subpoenas were issued, specifically addressing whether discovery is even permitted in support of a motion to modify supervised release. The Government shall have 14 days to reply to Defendant's response to this order. IT IS SO ORDERED.

June 13, 2011                    */s/ John R. Adams*
Date                                 Judge John R. Adams
                                         United States District Court