UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIK S. BOWKER, | ) | CASE NO.  4:01CR441 |
| | ) | 4:12CV612 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

The instant matter is before the Court upon Petitioner Erik Bowker's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.  Doc. 405. The petition is DENIED.

## II. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## III. LAW AND ARGUMENT

*Ineffective Assistance of Counsel*

In Ground One of the instant petition, Petitioner argues that his counsel was ineffective. Specifically, Petitioner appears to argue that his counsel was ineffective for failing to request a sentence of one year *and one day*.

1

The Supreme Court, in *Strickland v. Washington*, 466 U.S. 668 (1984), devised a two-part inquiry for claims of ineffective assistance of counsel. Under the *Strickland* test, Petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 688-94. Thus, Petitioner must demonstrate both deficient performance and prejudice in order to succeed on his claim. *Id.* at 686. In analyzing a claim of ineffective assistance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Petitioner contends that he was deprived of the opportunity to earn good time credit because his trial counsel failed to request that this Court sentence him to more than one year in prison. This argument fails for several reasons.

When a defendant challenges his sentence on the grounds of ineffective assistance of counsel, a court asks whether there is a reasonable probability, absent the errors, that the court would have sentenced the defendant differently. *See Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quoting *Strickland*, 466 U.S. at 694).

Arguments identical to that raised by Petitioner have been rejected.

> The Court was aware of the ramification of a one year and one day sentence and nevertheless chose to sentence the Petitioner to twelve months. In *Fayz*, a defendant pled guilty to bank fraud and the guidelines recommended a sentence of 12 to 18 months. *Fayz v. U.S.*, No. 03-81103, 2005 WL 1639436 at *1 (E.D.Mich. July 13, 2005). The defense counsel failed to request that the Court consider a sentence of one year and one day and the defendant was sentenced to twelve months incarceration. *Id*. In applying the *Strickland* test, the *Fayz* court held that neither of the two prongs had been satisfied by the attorney's omission. *Id*. at *2. In analyzing the prejudice prong, the *Fayz* court stated that "[t]he court was well aware of its option to sentence Petitioner to twelve months and a day and chose not to." *Id*., s*ee also U.S. v. Martin*, 172 F.3d 39, 1999 WL 38809 at *1 ("[T]here is no basis for believing that the experienced judge was unaware that a one year sentence would be

> longer than a year and a day sentence."). The Petitioner does not present any evidence to distinguish the present case.

*Buckmaster v. United States*, 2008 WL 2497585, at *3 (N.D.Ohio June 18, 2008). Similar to the sentencing judges in the above cited opinions, the undersigned was well aware of the distinction between a sentence of one year and a sentence of one year and one day. With that knowledge, the Court chose to impose a one year sentence. No argument from counsel would have altered the Court's decision. Moreover, the Court's sentencing hearing made clear that it expected Petition to remain in prison "for the full 12 months" and recommended that "he not be permitted to transition into a halfway house or things of that nature[.]" Doc. 392 at 22. Accordingly, Petitioner cannot demonstrate the prejudice prong of his ineffective assistance of counsel claim.

### *BOP Placement*

Petitioner next claims error because the Bureau of Prisons did not accept the undersigned's recommendation that he be sent to FMC Rochester. However, 18 U.S.C. § 3621(b) provides that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." The Court's recommendation is just that, a recommendation. Petitioner has raised no claim in this respect that is cognizable under § 2255. Accordingly, this ground for relief lacks merit.

### *Aggregate Sentence*

In his third ground for relief, Petitioner asserts that his total time spent incarcerated violates the Eighth Amendment. Petitioner appears to argue that the time spent incarcerated for his underlying conviction should be combined with the time he has spent incarcerated for numerous supervised release violations. Petitioner contends that as a whole, his sentence violates the Constitution. Petitioner has provided no authority for this time of aggregation of sentences. His supervised release violations were separate and apart from his underlying conviction and arose from his inability to follow Court orders. There is simply no basis to add all of his sentences together and

3

then analyze them as a whole. Accordingly, any Eighth Amendment claim premised upon this argument fails.

*Other Issues*

The Court would note that Petitioner's petition and amended petition contain numerous other apparent arguments that are unrelated to his request for relief under § 2255. At various times, Petitioner appears to assert that he has received inadequate medical and psychological care. He also appears to assert that he has been improperly placed in the Special Housing Unit during his incarceration. Finally, he raises issues with his property being taken from him during his incarceration. As none of these allegations form any arguable basis for relief under § 2255, the Court need not separately analyze them.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED**. (Doc. 405).

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: April 30, 2012  /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**